IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOULEYMANE DIARRA, | : | No. 3:25-CV-0964 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| J. GREENE, | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Souleymane Diarra, who is currently confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In a recent motion for an expedited resolution of his case, he alleges that the Federal Bureau of Prisons (BOP) has failed to properly apply time credits he has earned under the First Step Act of 2018 (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), toward time in prerelease custody, in violation of the plain language of the Act. After careful consideration, the court finds that Diarra's prerelease custody claim is not cognizable on federal habeas review, so his motions for expedited relief must be denied.

I.   BACKGROUND

When Diarra filed the instant Section 2241 petition, he was serving a 61-month sentence imposed by the United States District Court for the Eastern

District of Pennsylvania for conspiracy to commit wire fraud, access device fraud, conspiracy to commit money laundering, and aggravated identity theft. (Doc. 1-1 at 1; Doc. 7-2 ¶ 3). At that time, his projected statutory release date, applying good conduct time and FSA credits, was May 7, 2026. (Doc. 7-2 ¶ 3). On August 8, 2025, Diarra informed the court that his sentence had recently been reduced to 54 months pursuant to Amendment 821 to the United States Sentencing Guidelines, advancing his projected release date to November 5, 2025. (See Doc. 9; Doc. 14 at 3, 12).

When Diarra initially filed his habeas petition, his argument concerned an alleged refusal by the BOP to consider him for prerelease custody under the Second Chance Act of 2007 (SCA), Pub. L. No. 110-199, 122 Stat. 657 (2008), due to his status as an Immigration Hearing Program (IHP) participant. (See Doc. 1-1 ¶ 4). He contended that the BOP was ignoring the mandatory individualized review under the five factors provided in 18 U.S.C. § 3621(b) and instead was focusing on a single "sixth factor" regarding his alienage, thereby categorically (and illegally) excluding him from SCA consideration. (See id.).

On July 1, 2025, Respondent filed a lengthy response to Diarra's SCA claim. (See generally Doc. 7). Diarra filed a traverse two weeks later. (See generally Doc. 8). As noted above, Diarra then informed the court that his

sentence had been reduced and his release date had been moved up to November 5, 2025. (Doc. 8).

On October 8, 2025, Attorney Steven R. Guccini entered his appearance on behalf of Diarra. (Doc. 10). Attorney Guccini simultaneously filed a motion for an expedited hearing or immediate release to a Residential Reentry Center (RRC) or to home confinement. (Doc. 11). In that motion, Attorney Guccini argued—for the first time—that Diarra's accrued FSA credits entitled him to immediate transfer to prerelease custody. (See id. ¶¶ 5, 7). The following day, the court entered an order (Doc. 12) staying Diarra's motion pursuant to Chief Judge Matthew W. Brann's October 2, 2025 district-wide stay order, In re: Certain Matters Pending Before the U.S. Dist. Ct. for the Middle Dist. of Pa., No. 4:25-MC-00888, Doc. 2 (M.D. Pa. Oct. 2, 2025), as Diarra's habeas petition did not fall within any of the enumerated exceptions to the stay outlined in the October 2 order.

Four days later, Diarra—through counsel—returned to court, this time seeking reconsideration of the court's October 9, 2025 order. (See generally Docs. 13, 14). In his motion for reconsideration, Diarra asserts that his case and circumstances constitute "good cause" to lift or modify the general stay of civil litigation in place pursuant to the Chief Judge's October 2, 2025 stay order. (See Doc. 13 ¶¶ 9-13).

In his supporting brief, Diarra again abandons his original SCA argument and instead maintains that he has earned sufficient FSA credits to require immediate transfer to prerelease custody. (See Doc. 14 at 3-8). As it appears that the BOP has applied the maximum amount of FSA credits (365) to early release, (see Doc. 7-3 at 3; 18 U.S.C. § 3624(g)(3)), Diarra's pending motions involve application toward time in prerelease custody of his remaining 130 FSA credits, (see Doc. 14 at 14), hereinafter referred to as "excess" credits.

Diarra maintains that he is statutorily eligible for application of these excess credits and that the plain language of the FSA requires the BOP to apply all excess credits toward time in prerelease custody. According to Diarra, application of these credits would result in his immediate transfer to an RRC or home confinement prior to his November 5, 2025 release date. However, because Diarra's claim is not cognizable in a Section 2241 petition, the court must deny his pending motions for expedited relief.

## II. DISCUSSION

As noted above, Diarra initially asserted a claim under the SCA, one which he fully exhausted through administrative review. (See Docs. 1-2 through 1-5). His new argument, based on the FSA, does not appear to have been pressed through the administrative process. Nevertheless, because Diarra's claim involves an issue of purely statutory construction, administrative exhaustion is

excused. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

But Diarra's new Section 2241 challenge, which attempts to implicate the execution of his sentence, is not cognizable on habeas review in this circuit. Thus, the court must deny his pending motions for expedited relief.

The core of habeas corpus primarily involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—a prisoner may also challenge the "execution" of their sentence via a petition under 28 U.S.C. § 2241. See id. at 241-44. In Woodall, the petitioner asserted a challenge to BOP regulations that affected whether he served a portion of his sentence in a federal penal institution or in a "Community Corrections Center" (CCC).[1] See id. at 237.

The Third Circuit agreed with the Second, Sixth, Ninth, and Tenth Circuits and held that habeas jurisdiction lies for prisoners challenging the "manner of their imprisonment," including the place of confinement, when the differences in

---

[1] The term "Community Corrections Center" is the precursor to what is now referred to by the BOP as a "Residential Reentry Center," sometimes colloquially called a halfway house. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 n.1 (3d Cir. 2015) (per curiam) (nonprecedential) ("In 2006, the BOP began referring to 'Community Corrections Centers' as 'Residential Reentry Centers' ('RRCs')[.]").

custody reflect more than a "simple" or "garden variety" prison transfer. See Woodall, 432 F.3d at 242-43. The panel highlighted the significant disparities between carrying out a sentence in a CCC and carrying out a sentence in an ordinary penal institution and concluded that the petitioner's claim was a "proper challenge to the 'execution' of his sentence," and thus "habeas jurisdiction lies." Id. at 243-44.

Following Woodall, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the Woodall panel conceded that the precise meaning of this phrase is "hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the court of appeals endeavored to clarify execution-of-sentence habeas challenges in the Third Circuit. The Cardona panel first performed an in-depth review of Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas claims and had determined that the claims presented were cognizable under Section 2241. See Cardona, 681 F.3d at 536-37.

From these decisions, the Cardona panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order. See id. The reason the petitioners in Woodall and McGee could seek

review of the execution of their sentences under Section 2241, the court of appeals explained, was because their petitions "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." Id. at 536. The Cardona panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. In that case, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition. See id. at 537, 538.

The same is true for Diarra. He has not alleged, let alone established, that the BOP's FSA-related conduct is somehow inconsistent with an express command or recommendation in his sentencing judgment. Indeed, there is nothing in Diarra's judgment of sentence or amended judgment discussing or even alluding to prerelease custody. See United States v. Diarra, No. 2:19-cr-00392-WB, Doc. 126 (E.D. Pa. Nov. 9, 2022); id., Doc. 174 (E.D. Pa. July 29, 2025). Accordingly, his motions do not properly challenge the "execution" of his sentence as defined by Cardona v. Bledsoe, and this court would have no jurisdiction to grant relief on his new FSA habeas claim. See Cardona, 681 F.3d at 537, 538.

7

The court is aware that case law within this circuit undoubtedly creates confusion as to jurisdiction for Section 2241 execution-of-sentence claims challenging prerelease custody placement.  Most notably, in Vasquez v. Strada, 684 F.3d 431 (3d Cir. 2012) (per curiam)—a precedential decision issued just 18 days before Cardona v. Bledsoe—the Third Circuit plainly stated that a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." Vasquez, 684 F.3d at 433 (citing Woodall, 432 F.3d at 243-44).  In Vasquez, the petitioner was not asserting that a BOP action was inconsistent with a command or recommendation in his sentencing judgment; rather, he claimed that the BOP had failed to comply with the federal prisoner reentry initiative with respect to RRC placement and that the BOP had improperly amended 18 U.S.C. § 3621(b) by adding a sixth factor.  See id.  Nevertheless, the court of appeals did not find that the Section 2241 petition must be dismissed for lack of jurisdiction based on the substance of the petitioner's habeas claim. Instead, the panel perfunctorily found the petitioner's prerelease custody claim to be cognizable.  See id. (citing Woodall, 432 F.3d at 243-44).[2]

---

[2] Vasquez v. Strada was initially issued on June 1, 2012, as a nonprecedential decision. See Vasquez, No. 12-1114, Doc. 003110916790 (3d Cir. June 1, 2012).  Four days later, the government (appellee) moved to designate the decision as precedential under Third Circuit I.O.P. 5.2.  See id., Doc. 003110919478 (3d Cir. June 5, 2012).  That motion was granted on June 20, 2012, when the opinion was designated as a precedential opinion by the circuit.  See id., Doc. 003110933704 (3d Cir. June 20, 2012).  It does not appear that the government ever raised a jurisdictional challenge (other than failure to exhaust administrative remedies) to

8

Additionally, multiple nonprecedential Third Circuit decisions have stated that challenges to the execution of a sentence involving placement in prerelease custody are cognizable under Section 2241.  See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015) (per curiam) (nonprecedential) ("Brown's challenge to the BOP's failure to transfer him to an RRC lies under § 2241[.]" (citing Woodall, 432 F.3d at 243-44)); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (per curiam) (nonprecedential) ("Wilson may resort to federal habeas corpus to challenge a decision to limit his RRC placement[.]"(citing Woodall, 432 F.3d at 243-44)); Guess v. Werlinger, 421 F. App'x 215, 217 (3d Cir. 2011) (per curiam) (nonprecedential) (finding that habeas jurisdiction lies for challenge to BOP policy involving prerelease custody placement, concluding that petitioner's challenge "implicates the execution of his sentence" (citing Woodall, 432 F.3d at 243)).  None of these cases involved an allegation that the BOP's conduct was inconsistent with a sentencing command or recommendation, even Brown v. Warden Fairton FCI, which opinion issued three years *after* Cardona v. Bledsoe was decided.  See Brown, 617 F. App'x at 118 (claiming failure to transfer to prerelease custody pursuant to 18 U.S.C. § 3621(b)); Wilson, 474 F. App'x at 47 (raising challenge to BOP's application of Second Chance Act with respect to

---

Vasquez's petition with the district court or the court of appeals.  See generally Vasquez v. Strada, No. 3:11-cv-01710, Doc. 8 (M.D. Pa. Oct. 17, 2011).

length of petitioner's RRC placement); Guess, 421 F. App'x at 217 (challenging validity of BOP policy regarding timing of prerelease custody review).  Yet the court of appeals did not find jurisdiction lacking for these petitions based on the substance of the petitioners' claims.

There are, on the other hand, numerous nonprecedential Third Circuit decisions that rely on Cardona v. Bledsoe to find a lack of jurisdiction for certain Section 2241 execution-of-sentence claims, although the court has been unable to locate such a decision that specifically concerns transfer to prerelease custody.  See, e.g., Morgan v. Warden of USP-Allenwood, No. 24-1508, 2025 WL 325753, at *1 (3d Cir. Jan. 29, 2025) (nonprecedential); Reynolds v. Warden Schuylkill FCI, No. 24-1942, 2024 WL 4164271, at *2 (3d Cir. Sept. 12, 2024) (nonprecedential); Moslem v. Warden, F.C.I. Fort Dix, No. 23-2819, 2024 WL 658976, at *1-2 (3d Cir. Feb. 16, 2024) (nonprecedential); Johnson v. Warden Lewisburg USP, 694 F. App'x 59, 59-60 (3d Cir. 2017) (nonprecedential); Johnson v. Warden Lewisburg USP, 668 F. App'x 415, 416-17 (3d Cir. 2016) (nonprecedential); Rinaldi v. Warden Allenwood FCI, 598 F. App'x 809, 809-10 (3d Cir. 2015) (nonprecedential); Gillette v. Territory of Virgin Islands, 563 F. App'x 191, 194-95 (3d Cir. 2014) (nonprecedential); Share v. Krueger, 553 F. App'x 207, 209 (3d Cir. 2014) (nonprecedential); Cardona v. Thompson, 551 F. App'x 630, 632 (3d Cir. 2013) (nonprecedential); Shelton v. Thomas, 537 F.

App'x 63, 63-64 (3d Cir. 2013) (nonprecedential); <u>Shelton v. Samuels</u>, 523 F. App'x 177, 177 (3d Cir. 2013) (nonprecedential).  In one case, the petitioner was challenging his confinement on home detention, but the court of appeals explained that a period of home detention was expressly ordered in his judgment of sentence and therefore he was actually challenging the "*validity* of [his] judgment, not its execution."  See <u>Kaetz v. United States</u>, No. 22-1286, 2022 WL 1486775, at *1-2 (3d Cir. May 11, 2022) (nonprecedential).

In light of the seemingly contradictory nature of the foregoing precedential and nonprecedential decisions, it is understandable why a petitioner like Diarra would attempt to seek relief through Section 2241 for his prerelease custody claim.  After all, neither <u>Cardona v. Bledsoe</u> nor its nonprecedential progeny confronted the type of issue presented here: the right to be transferred from a federal correctional institution to prerelease custody based on mandatory language contained in a federal statute.

Nevertheless, this court is bound by <u>Cardona</u>'s jurisdictional requirements for Section 2241 petitions.  <u>Cardona</u> is the latest precedential decision to fully consider and delineate the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit.  Under <u>Cardona</u>'s rigid boundaries, Diarra's FSA claim is simply not cognizable.  See, e.g., <u>McMillian v. Warden FCI-Allenwood Low</u>, No. 4:24-cv-01730, 2025 WL 1042313 (M.D. Pa.

11

Apr. 8, 2025) (Brann, C.J.); Miles v. Arviza, No. 3:24-cv-2252, 2025 WL 981870 (M.D. Pa. Apr. 1, 2025) (Munley, J.); Romano v. Warden, 779 F. Supp. 3d 498 (D.N.J. Apr. 24, 2025), appeal filed, No. 25-1876 (3d Cir. May 8, 2025). The court offers no opinion regarding the availability of other potential avenues of review for Diarra's FSA claim involving prerelease custody, only that it cannot be pursued through Section 2241. Accordingly, Diarra's motions seeking expedited relief on this basis must be denied.

### III. CONCLUSION

Under Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), execution-of-sentence habeas claims in the Third Circuit are tightly circumscribed. Diarra's pending motions, which challenge the BOP's failure to timely transfer him to prerelease custody based on the First Step Act—but *do not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment—fail to meet the stringent jurisdictional requirements set forth in Cardona. Accordingly, Diarra's motions do not warrant an expedited hearing, immediate transfer to prerelease custody, or lifting the instant district-wide stay. Instead, they will be denied. An appropriate order follows.

Date: 10/24/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court